899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred E. GRIZZELL, Michael A. Oliver, Plaintiffs-Appellants,
v.
Belinda HOWARD, Wayne Douglas, Shirley Nathaniel, Vivian
O'Keefe, Charles McCook, Bobby Blackburn, Matt
Haynes, Jame Doe, Pam Filmore, Pam
Nimmo, Russ Petitt, Sgt. Bobby
Walls, Defendants-Appellees.
 No. 89-5894.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges; and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Alfred Grizzell alleged that defendants violated his constitutional rights. Grizzell alleged that after a steam pipe burst in his cell at Fort Pillow Prison and Farm, a corrections officer denied his requests for a cell change. He alleged that the grievance committee denied him due process because they found that the officer was not authorized to grant the transfer and, so, was not prejudiced in her denial. He also alleged that after a transfer from Fort Pillow to Morgan County Regional Corrections Facility, his typewriter and other materials were taken from him for three days and his requests for sufficient paper to pursue his legal claims were denied, thus interfering with his right of access to the courts. Finally he complained that, contrary to prison policy, he was not considered for an electrician's position at Morgan County, even though he had worked as an electrician at Fort Pillow.
 
 
 4
 On appeal, Grizzell alleges that he suffered extensive burns when the steam pipe burst and sprayed him with scalding water. He requests the appointment of counsel.
 
 
 5
 Upon review we conclude that summary judgment was proper, under Fed.R.Civ.P. 56, because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law.
 
 
 6
 Essential facts are not in dispute. Approximately 24 hours after a steam pipe burst in Grizzell's cell, he was moved to another cell; subsequent requests for a cell change were denied. Following Grizzell's transfer from Fort Pillow to Morgan County, he discovered that his typewriter was inoperable. His requests for paper were not honored to his satisfaction. His request for assignment to an electrician's job was denied. Importantly, for the purposes of reviewing a grant of summary judgment, Grizzell did not introduce new evidence to contradict defendants' claim that the corrections officer lacked authority to grant him a cell change. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 7
 Defendants were entitled to judgment as a matter of law because Grizzell failed to allege a deprivation of constitutional magnitude. While a damp or wet cell would cause a certain amount of discomfort, it does not support a constitutional claim. Harsh conditions are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). See also Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987) (per curiam).
 
 
 8
 Additionally, Grizzell has no protected right to placement in a particular facility or a particular section within a prison. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). Grizzell also did not show that the refusal of his cell change request denied him equal protection because the corrections officer lacked authority to grant the request.
 
 
 9
 Grizzell's assertion that defendants interfered with his right of access to the courts lacks merit because he did not demonstrate any harm or prejudice to underlying litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 10
 Moreover, contrary to Grizzell's assertion, he had no protected interest in assignment to work as an electrician, see Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989), nor is the state policy that a prisoner's prior assignment should be given consideration upon his transfer specific enough to create a protected interest. See Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1910-11 (1989).
 
 
 11
 Next, to the extent Grizzell asserted a due process violation by the grievance committee, his claim fails. As the record shows, Grizzell's allegations were considered by the committee. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). To the extent he seeks damages against defendants in their official capacities, his claims are barred by the eleventh amendment. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989).
 
 
 12
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation